**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DANIEL R. SPEARS, JEFFREY YELTON, KATHERINE LANG, DANIEL MASSA, and RAYMOND R. COMMERS, individually and on behalf of all others similarly situated, <br>　　　　Plaintiffs, <br><br>　　v. <br><br>METROPOLITAN LIFE INSURANCE, d/b/a Metlife; METLIFE SECURITIES, INC., d/b/a Metlife; and ISTA FINANCIAL SERVICES CORP., <br>　　　　Defendants. | CAUSE NO.: 2:07-CV-00088-RL-PRC |

**OPINION and ORDER**

This matter is before the Court on Defendants' Verified Motion to Stay Discovery and Other Proceedings [DE 13], filed by Defendants ISTA Financial Services Corporation, Metropolitan Life Insurance Company, and Metlife Securities, Inc. (collectively, "Defendants") on April 6, 2007. On April 19, 2007, Defendants filed Defendants' Supplement to Verified Motion to Stay Discovery and Other Proceedings. On May 1, 2007, Plaintiffs Daniel R. Spears, Jeffery Yelton, Katherine Lang, Daniel Massa, and Raymond R. Commers, individually and on behalf of others similarly situated (collectively, "Plaintiffs") filed "Plaintiffs' Reply to Defendant's [sic] Verified Motion to Stay Discovery and Other Proceedings". On May 10, 2007, Defendants filed Defendants' Reply in Support of their Motion to Stay Discovery and Other proceedings.

**BACKGROUND**

On February 16, 2007, Plaintiffs filed their Class Action Complaint in Lake County Circuit Court, sitting at Crown Point, Indiana, asserting various claims under state law, including claims for alleged violations of the Indiana Consumer Deceptive Practices Act, Ind. Code 24-5-0.5-1, *et seq.*,

the Indiana Securities Act, Ind. Code 23-2-1-1, *et seq.*, and the Racketeer Influence and Corrupt Organization Act, Ind. Code 35-45-6-1, *et seq.*, as well as claims for unjust enrichment and breach of fiduciary duty. On March 19, 2007, Plaintiffs filed Plaintiffs' Motion for Class Certification. On March 22, 2007, Defendants removed this action pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), which provides for removal of covered class actions involving covered securities brought under state law.

On March 27, 2007, Defendants Metropolitan Life Insurance and MetLife filed a Notice of Agreed Extension of Time to Respond to Complaint, giving them up to and including April 26, 2007, to file a responsive pleading. On March 30, 2007, Defendant ISTA did the same.

On April 6, 2007, Defendants filed the instant Motion.

On April 12, 2007, Plaintiffs filed their First Amended Class Action Complaint, adding claims for alleged violations of federal securities laws under 15 U.S.C. § 77q and common law fraud.

On April 19, 2007, Defendants filed a Notice of Agreed Extensions Pursuant to N.D. Ind. L.R. 6.1, giving them up to and including June 6, 2007, to file a responsive pleading, and up to and including May 11, 2007, to respond to Defendants' Verified Motion to Stay Discovery and Other Proceedings. On April 23, 2007, the Court issued an Order as to the Defendants' Notice. With regard to the responsive pleadings, the Court adjusted the time within which the Defendants must file a responsive pleading, up to and including June 1, 2007. With regard to Plaintiffs' response to the instant Motion to Stay, the Court construed the Notice as a Motion and granted the Plaintiffs' request to extend the deadline for filing a response to the Defendants' Motion to Stay, up to and including May 11, 2007. The Court gave the Defendants up to and including May 18, 2007, within which to file a reply.

In the instant Motion, Defendants request that the Court, pursuant to Federal Rule of Civil Procedure 26(c) and (d) and 15 U.S.C. 78u-4(b)(3)(B): (1) stay all discovery; (2) stay or enlarge the time by which the Defendants must respond to Plaintiffs' Motion for Class Certification, originally filed on March 2, 2007, and to which Defendants' response was due on or about April 6, 2007; (3) stay or continue the dates to be set in the Court's Notice of Rule 16 preliminary Pretrial Conference; and (4) all other appropriate relief. In support, Defendants argue that the Private Securities Litigation Reform Act ("PSLRA") provides for an automatic stay of all discovery in securities cases pending ruling on a motion to dismiss. In their Supplement, Defendants assert, in response to Plaintiffs' First Amended Class Action Complaint filed after Defendants' Motion, that the automatic stay under PSLRA applies to pendent state law claims as well as federal securities claims. In response, while Plaintiffs acknowledge that PSLRA generally stays discovery in a case such as the instant one, they argue that certain exceptions to the stay apply here. First, Plaintiffs assert that "the stay requested by the Defendants does not and should not extend to initial disclosures as those are defined by [Federal Rule of Civil Procedure] 26(a)(1)." Pls.' Reply Def.'s Ver. Mot. Stay Disc. at 2 (hereinafter, "Pls.' Resp."). And second, Plaintiffs assert that the stay should not extend to discovery on their breach of fiduciary duty state law cause of action. In reply, Defendants assert that the mandatory stay pursuant to PSLRA should not be lifted because the Plaintiffs failed to establish the existence of "exceptional circumstances" required to allow particularized discovery in order to preserve evidence.

The Court will address the Plaintiffs' two arguments raised in opposition in turn.

## STANDARD

Section 78u-4(b)(3)(B) of PSLRA, entitled "Stay of discovery", provides:

> In any private action arising under this chapter, all discovery and

3

> other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The rationale for the discovery stay provision is "to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope of either that corporate defendants will settle those actions rather than bear the high cost of discovery or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint." *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 305 (S.D.N.Y. 2002) (citing House and Senate Conference reports). Despite the mandatory language of the provision, "Congress has expressly provided courts with discretion to allow limited discovery in certain circumstances during the pendency of a motion to dismiss." *Sisk v. Guidant Corp.*, No. 1:05-cv-01658-SEB-WTL, 2007 WL 1035090, at *2 (S.D. Ind. Mar. 30, 2007) (citing *In re Delphi Corp.*, 2007 WL 518626, at *4 (E.D. Mich. Feb. 15, 2007)).

## ANALYSIS

Before analyzing the specific arguments of the parties, the Court addresses two threshold issues. First, the Court notes that the Defendants have not, as of the date of this Order, filed a motion to dismiss. However, courts have found that the stay provision applies even though a motion to dismiss has not yet been filed. *See In re Firstenergy Corp. Securities Litigation*, 229 F.R.D. 541 (N.D. Ohio 2004); *In re Trump Hotel Shareholder Derivative Litigation*, No. 96CIV.7820 (DAB)(HBP), 1997 WL 442135, at *2 (S.D. N.Y. Aug. 5, 1997) (finding that the stay applies where the parties have agreed on a schedule). Second, the Court notes that the Plaintiffs do not dispute (and, in fact acknowledge) the application of the stay provision here but only dispute (and seek to limit) the scope of the stay, in particularly carving out exceptions for initial disclosures and the Plaintiffs' state law fiduciary duty cause of action. With that, the Court now turns to the Plaintiffs'

4

arguments in opposition to a blanket stay.

*1.     Initial disclosures under 26(a)(1)*

Plaintiffs assert that the stay of discovery does not extend to initial disclosures under Federal Rule of Civil Procedure 26(a)(1). In support of their argument, Plaintiffs rely on *In Re Comdisco Sec. Litig.*, 166 F.Supp.2d 1260 (N.D. Ill. 2001). In that case, ruling on a motion to compel production, the Court held that the exception for "particularized discovery" necessary to preserve evidence to the statutory stay of discovery applied, thus allowing limited discovery. Plaintiffs sought an order compelling the production of insurance policies relevant to the litigation, which would ordinarily have been compelled by Rule 26 as an initial disclosure. However, defendants responded that PSLRA's stay provision prohibiting discovery trumped Rule 26. After drawing a distinction between disclosure and discovery under Rule 26, the Court determined that the insurance policies at issue constituted "particularized discovery" necessary to preserve evidence and thus fit into one of the exceptions to PSLRA's stay provision. *See* 15 U.S.C. § 78u-4(b)(3)(B) (staying "all discovery and other proceedings ... unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence ..."). Based on *Comdisco*, Plaintiffs (seemingly) attempt to apply the "particularized discovery" exception to the instant case, arguing that (1) it is necessary to preserve information; (2) the early identification of possible witnesses protects against potential unavailability; (3) the initial disclosures will not provide Plaintiffs with any useful discovery which may bolster a second amended complaint (should the Court find the First Amended Complaint to be deficient); and (4) the costs and expenses of initial disclosures in this case would be minimal.

As an initial matter, the Court notes that the Plaintiffs' argument with regard to the initial disclosures is unclear. While the Plaintiffs rely and discuss a case (*Comdisco*) in which the Court

applied the "particularized discovery" exception as necessary to preserve evidence, the Plaintiffs never explicitly state that the initial disclosures requested here fall under the same exception. Instead, the Plaintiffs merely conclude that in light of *Comdisco* and "the substantial protections afforded each party at minimum costs, this Court should order that the parties make their initial disclosure as anticipated by [Federal Rule of Civil Procedure] 26(a)(1)." Pls.' Resp. at 5. Because PSLRA's stay provision only provides for two exceptions and because the Plaintiffs never argue "undue prejudice" here, the Court construes the Plaintiffs argument as one asserting the application of the "particularized discovery" exception as necessary to preserve evidence.

The mandatory stay under PSLRA may be lifted only in exceptional circumstances, i.e. when "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see also Sarantakis v. Frank Dominic Gruttadauria*, No. 02 C 1609, 2002 WL 1803750, at *2 (N.D. Ill. Aug. 5, 2002) (recognizing the same). As to the exception to preserve evidence, courts have required "more than mere 'generalizations of fading memories and allegations of possible loss or destruction' ", *id.* (quoting *In re Fluor Corp. Sec. Litig.*, No. SA CV 97-734 AHS EEX, 1999 WL 817206, at *3 (C.D. Cal. Jan. 15, 1999), but instead the moving party must demonstrate "a specific showing that 'the loss of evidence is imminent as opposed to merely speculative,' " *id.* (quoting *In re CFS-Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D. Okla. 2001). Here, the Court finds that the Plaintiffs' stated reasons in support of discovery on the initial disclosures amount to no more than mere speculation. In their Motion, Plaintiffs opine that "it is unlikely" that employees of the Defendants are aware of their duty to preserve evidence and that "it is not hard to believe" that witnesses with information may become

unavailable.[1]  Such generalizations are tenuous.  In addition, while in *Comdisco* the moving party sought only discovery of insurance policies which fell under Rule 26 as initial disclosures, here the Plaintiffs (presumably, although they never explicitly say) seek discovery of all information under Rule 26(a)(1)–such a request is not "particularized" by any standard.

*2.   State law fiduciary duty cause of action*

Plaintiffs assert that the stay of discovery does not extend to Plaintiffs' state law cause of action for breach of fiduciary duty.  In support, Plaintiffs rely on *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d, 162 (S.D.N.Y. 2001), for the proposition that "the PSLRA does not apply to such purely state law claims."   Pls.' Resp. at 6.

First, as the Defendants highlight in their reply brief, the Court in *Tobias Holdings* held the following: "the automatic stay mandated by the PSLRA cannot prohibit discovery on non-fraud common law claims arising under the Court's diversity jurisdiction."  *Tobias Holdings*, 177 F.Supp.2d at 169.  More significantly, the Court did not hold that the stay provision in PSLRA does not apply to state law claims and thus plaintiffs may conduct discovery on such claims, as the

---

[1]The Court advises the Defendants of their duty to preserve evidence under PSLRA. Section 78u-4(b)(3)(C)(i) provides:

> During the pendency of any stay of discovery pursuant to this paragraph, unless otherwise ordered by the court, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(b)(3)(C)(i).  In addition, section 78u-4(b)(3)(C)(ii) provides for the imposition of appropriate sanctions for willful failure of an opposing party to comply with clause (i).

Plaintiffs allege.  Here, again as the Defendants point out, there is no independent jurisdictional basis underlying the Plaintiffs' state law claims; instead, jurisdiction over the Plaintiffs' state law claims is based on supplemental jurisdiction.  *See* Pls.' First Am. Class Action Compl, ¶ 2 ("The Court has supplemental jurisdiction over plaintiffs' statutory and common law claims pursuant to 28 U.S.C. 1367 because such claims are so related to plaintiffs' claims under Section 10(b) of the Exchange Act that they form part of the same case or controversy under Article III of the United States Constitution").  Moreover, the Plaintiffs assertion that their state law claims do not "mirror" their federal securities claims and that, in particular, their breach of fiduciary duty claim is a "legally cognizable, substantive cause of action" under Indiana law appears to contradict their jurisdictional statement that their federal and state law claims are "so related ... that they form part of the same case or controversy under Article III of the United States Constitution." Pls.' First Am. Class Action Compl, ¶ 2.  Plaintiffs cannot have it both ways.  And lastly, assuming *arguendo* that *Tobias Holdings* stands for the proposition that the stay provision in PSLRA does not apply to distinct state law claims (or, as the Plaintiffs assert, "purely state law claims"), a proposition that the Court does not endorse here, Plaintiffs fail to demonstrate, through discussion or citation of any specific facts or evidence unique to the instant case, that the Plaintiffs' state law claims are in fact "distinct" from their federal securities claims.  *See Angell Investments, L.L.C. v. Purizer Corp.*, 2001 WL 1345996, at *2 (N.D. Ill. Oct. 31, 2001) (interpreting *Tobias Holdings* and finding that "it stands for the proposition that state law claims that are distinct from the federal securities claims-such as would be expected to be found where the basis of jurisdiction over the state law claims relies solely on diversity of citizenship-are not subject to the discovery stay").

## CONCLUSION

Accordingly, based on the foregoing, the Court **GRANTS** the Defendants' Verified Motion

to Stay Discovery and Other Proceedings [DE 13] and **ORDERS** that all discovery, including briefing on Plaintiffs' Motion for Class Certification[2], is hereby **STAYED** pending ruling on Defendants' anticipated motion to dismiss, which is due on or before **June 1, 2007**.  Because the Defendants have previously received two extensions of time to file a motion to dismiss, any future requests from the Defendants will be viewed with disfavor.  The briefing schedule for the motion to dismiss shall proceed in accordance with the Local Rules.

  SO ORDERED this 17th day of May, 2007.

             s/ Paul R. Cherry
             MAGISTRATE JUDGE PAUL R. CHERRY
             UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[2]Courts generally do not regard class certification proceedings as one of the exceptions to PSLRA's stay provision.  *Winn v. Symons Intern. Group, Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *2 (S.D. Ind. Mar. 21, 2001) (citing *Schlagel v. Learning Tree Int'l*, 1999 WL 672306, at *2 (C.D. Cal. Feb. 23, 1999) (noting decision to delay ruling on motion for class certification until after ruling on motion to dismiss); *In re Valujet, Inc., Sec. Litig.*, 984 F.Supp. 1472, 1481-82 (N.D. Ga.1997) (lifting stay on class certification proceedings following resolution of motion to dismiss)).