**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DANIEL R. SPEARS, JEFFREY YELTON, KATHERINE LANG, DANIEL MASSA and RAYMOND R. COMMERS, Individually and On Behalf of All Others Similarly Situated, | ) | |
| Plaintiffs, | ) | Cause No. 2: 07-CV-00088-RL-PRC |
| v. | ) | Judge Joseph S. Van Bokkelen |
| METROPOLITAN LIFE INSURANCE COMPANY D/B/A METLIFE, METLIFE SECURITIES, INC. D/B/A METLIFE, and ISTA FINANCIAL SERVICES CORPORATION, | ) | Magistrate Judge Paul R. Cherry |
| Defendants. | ) | |

**METLIFE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PHASED DISCOVERY**

Defendants Metropolitan Life Insurance Company and MetLife Securities, Inc. (collectively, "MetLife" or "the MetLife Defendants"), by their attorneys, respectfully submit this memorandum in support of their motion for phased discovery.[1]

## INTRODUCTION

Under the Federal Rules of Civil Procedure, the Court must determine whether to certify a class action and, if a class is certified, define the class, "[a]t an early practicable time" after the suit is commenced. Fed. R. Civ. P. 23(c)(1)(A), (B); *see also Koch v. Stanard*, 962 F.2d 605, 607 (7th Cir. 1992) ("The court must decide promptly whether the case should proceed as a representative action . . . ."). To that end, Judge Van Bokkelen ordered plaintiffs to refile their

[1] All defendants moved the Court on August 12, 2008, to amend its Order of August 1, 2008, and reinstate the PSLRA's mandatory stay of all discovery pending resolution of the reinstated motions to dismiss. [DE # 79, 80.] Should those motions to amend be granted, the present Motion for Phased Discovery will be rendered moot. Should the motions to amend be denied, the Court should order phased discovery for the reasons set forth herein.

motion for class certification, which they have now done.[2] [DE # 58.] The reason for this requirement is clear: whether a case proceeds solely on the individual claims of the named plaintiffs, or instead proceeds on behalf of a class of plaintiffs, makes an enormous difference in terms of the scope and complexity of the case, the resources that the parties and the Court must devote to the case, and the procedural rules that apply.

As discussed below, because class certification is a threshold issue that should be decided at the outset of a case, courts frequently order phased discovery in putative class actions, limiting discovery prior to the class certification decision to matters relevant to that determination, and permitting discovery on other issues only after the class certification decision. This promotes efficiency and conserves the resources of the court and the parties by deferring general discovery until after the scope of the case has been determined. Conversely, if phased discovery is not ordered, the parties are likely to spend substantial resources on discovery concerning issues that may not even properly be part of the case if a class is not certified, or discovery that is unnecessary to resolve the plaintiffs' individual claims.

This is a clear example of a case where phased discovery is appropriate. If class certification is denied, the relatively small claims of the five individual plaintiffs may be susceptible to resolution through dispositive motions, settlement, or an offer of judgment. Under no circumstances would they warrant the kind of "scorched earth" discovery requests plaintiffs have already served on defendants, calling for vast amounts of information about defendants' business practices, defendants' dealings with hundreds of Indiana school corporations, and the retirement accounts of thousands of Indiana teachers. If class certification is granted, discovery can be tailored to the precise class that is certified.

---

[2] Plaintiffs originally filed their motion for class certification on March 19, 2007, and refiled it on July 30, 2008.

It should be noted that plaintiffs have filed their motion for class certification without the benefit of any discovery, thus conceding that, in their view, they do not need *any* discovery to establish the requirements for class certification. The discovery that defendants require to respond to plaintiffs' motion is quite limited and consists principally of discovery concerning the individual plaintiffs' adequacy as proposed class representatives. Defendants are fully prepared to complete that discovery expeditiously and proceed to file their opposition to plaintiffs' motion for class certification in short order.

## ARGUMENT

### I. COURTS COMMONLY ORDER PHASED DISCOVERY.

This Court has broad discretion to manage the sequence and scope of discovery in order to achieve the goals of Rule 1: the "just, speedy, and inexpensive determination of [the] action." Consistent with this mandate, Rule 26(f)(3)(B) provides that the parties planning for discovery "must" consider "whether discovery should be conducted in phases or be limited to or focused on particular issues."

Because Rule 23(c) contemplates early resolution of class certification, and because in many purported class actions the scope of discovery—and, correspondingly, the cost of discovery—will vary dramatically depending on the resolution of class certification, it is common for courts to issue orders requiring that discovery be conducted in phases, with the initial phase limited to matters relevant to class certification. "In the class action context, one of the first issues confronting the court is class certification. . . . To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class wide discovery on the certification issue and postpone class wide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992); *see also Ruppert v. Principal Life Ins., Co.*, No. 06-0903, 2007 U.S. Dist. LEXIS 28819, at *3-4

(S.D. Ill. Apr. 18, 2007) (affirming magistrate's decision to order phased discovery, with class discovery preceding merits discovery); *In re Urethane Antitrust Litig.*, No. 04-MD-1616, 2007 U.S. Dist. LEXIS 3905, at *26 (D. Kan. Jan. 17, 2007) ("at this state of the case, the only question is whether any of the proposed discovery is relevant to a class certification issue"); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 664-66 (D. Minn. 2002) (granting phased discovery and ordering that the first phase be limited to class certification issues); *American Nurses' Assn. v. Illinois*, No. 84-4451, 1986 U.S. Dist. LEXIS 20447, at *7-8 (N.D. Ill. Sept. 12, 1986) (observing that "the decision to bifurcate discovery is within the discretion of the district court" and ordering that only "discovery related to the question of class certification" proceed); *Rodriguez v. Banco Central*, 102 F.R.D. 897, 903 (D.P.R. 1984) ("discovery on the merits should not be had prior to the []certification issue"); *National Org. of Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) ("discovery on the merits [must not] be completed precedent to class certification"); *Plummer v. Chicago Journeymen Plumbers' Local Union No. 130*, 77 F.R.D. 399, 402 (N.D. Ill. 1977) (agreeing that "staying discovery on the merits pending resolution of the class issues is the prevailing and proper procedure in cases such as this," and denying motion to permit discovery on the merits before a class had been certified).

The Manual for Complex Litigation (4th) likewise comments that "[C]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations . . . ." *Id.* at § 21.14;[3] *see also* 5-23 Moore's Federal Practice - Civil § 23.85 ("Often, district courts will attempt to limit pre-certification discovery to class certification issues, and will

[3] Plaintiffs have already filed their motion for class certification. Thus, this is not a case where the Court may have difficulty drawing a line between "class" and "merits" discovery—plaintiffs have requested no discovery in support of their motion. *Cf.* Manual for Complex Litigation § 21.14 (4th ed.) (noting that there is "not always a bright line between" class and merits discovery).

postpone discovery on the merits of the action until after the certification decision."). For the reasons discussed below, the Court should exercise its discretion to order phased discovery here.

## II. PLAINTIFFS SEEK TO COMMENCE ENORMOUSLY BURDENSOME DISCOVERY ON ISSUES NOT RELEVANT TO CLASS CERTIFICATION.

Plaintiffs have pursued a scorched earth approach to discovery in this case. To date, they have served on the MetLife Defendants four different sets of document requests seeking a total of forty-seven categories of documents, two different sets of interrogatories seeking answers to thirty-six numbered interrogatories (ninety-one including subparts), two different sets of requests for admission with fifty-four requests, and two different notices of deposition, including a purported notice of a Rule 30(b)(6) deposition covering nearly every issue raised in the complaint. (Discovery served on MetLife thus far is contained in Exhibit A.) In addition, plaintiffs have served nearly identical discovery on defendant ISTA Financial Services Corp.

Responding to the discovery already served by plaintiffs in this case could easily cost defendants many hundreds of thousands of dollars. Just a few examples of plaintiffs' discovery requests illustrate this point:

- all computer records relating to any retirement investment accounts or VEBA plans concerning all 25,000 putative class members (Second Request for Documents ¶ 2 (Ex. A).)[4]

---

[4] Plaintiffs' requests for confidential financial information concerning thousands of putative class members is further reason to order phased discovery in this matter. Indiana teachers should not have their personal retirement account information, including account numbers, balances, and deposit information, produced in discovery in a case where they lack any appointed representative and about which they may very well never learn. *See, e.g., Bradford v. WR Starkey Mortg., LLP*, 2007 U.S. Dist. LEXIS 60612, at *5 (N.D. Ga. Aug. 2, 2007) (denying request for loan information of putative class members because "those responsive documents contain highly confidential personal and financial information of borrowers who are not parties to this case"); *Robbins v. NCO Fin. Sys.*, 2006 U.S. Dist. LEXIS 89962, at *14-15 (N.D. Ind. Dec. 12, 2006) (denying plaintiffs' motion to compel a bank to produce the "names, addresses, and 'complete file, including computer information,' of each putative class member" because such discovery is inappropriate before a class has been certified); *Palmer v. Stassinos*, 2005 U.S. Dist. LEXIS 41270, at *13 (N.D. Cal. May 18, 2005) (denying discovery of "putative class members' personal data" before a class had been certified, in part because "consumers' rights to privacy may be implicated by these requests").

- all financial records that contain information concerning payments received by MetLife relating to any retirement investment account of the 25,000 putative class members (*Id.* ¶ 5.)

- all correspondence or communications between MetLife and any of the 25,000 putative class members (*Id.* ¶ 9.)

- the names, positions, names of supervisors, and names of subordinates of every MetLife employee even indirectly involved in the sale of MetLife retirement investment products to any of the 25,000 putative class members (First Set of Interrogatories ¶ 2 (Ex. A).)

- all communications between MetLife employees and ISTA employees, FSC employees, or UNI/Serve directors from January 2002 to the present (First Request for Documents ¶¶ 1-4 (Ex. A).)

- identification of every computer that has ever been used by any MetLife employee, for any purpose, and at any time (Second Set of Interrogatories, ¶ 11 (Ex. A).)

- all documents including, but not limited to, email created by or generated from or that originated from any computer accessed by or used by any person or employee associated with Uniserve offices throughout all of Indiana (Fourth Requests for Documents ¶2 (Ex. A).)

- all documents including, but not limited to, email created by or generated from any MetLife Representative or employee that was directed to any person or employee associated with the Uniserve offices throughout all of Indiana (*id.* ¶3.)

- a copy of the hard drive of any computer in the possession of or utilized by any person or employee associated with MetLife that contains data or information relating to documents, communications, or e-mails directed to the Uniserve offices throughout the state of Indiana, at any time on or after January 1, 2002 (*id.* ¶ 5.)

Plaintiffs have insisted on receiving all of this discovery immediately, before any decision on class certification is made. (*See* August 8, 2008 Letter from Glenn Vician to Colleen Kenney, at 2 (Ex. B) (stating that the Court should "first allow plaintiffs to receive all initial discovery from defendants").) But apparently recognizing that much of this discovery has no conceivable justification at this stage of the litigation, they have also asserted, though only as a fall-back position, that they would accept "all discovery requested by the named plaintiffs relating to the merits of their respective individual claims." (*Id.*) However, plaintiffs have

telegraphed that their fall-back position is a mere Trojan horse through which they hope to secure wide-ranging discovery not limited to the individual claimants, clarifying in the same letter that it would include "*all discovery that relates in any way to communication between any of the defendants that relate in any way to the sale or proposed sale of securities* to the collective bargaining units related to the five named plaintiffs." (*Id.* (emphasis added).)

Indeed, even after plaintiffs had represented during the parties' Rule 26(f) conference that they would agree to phrased discovery so long as they received all discovery concerning the merits of the named plaintiffs' claims in the first phase, they then served a third set of document requests seeking, among other things, "all documents including but not limited to e-mail that relates in any way to communications between any MetLife and ISTA Financial Services and/or the Indiana State Teachers Association that describes, identifies or related to any statement or concept that a MetLife VEBA is inheritable by any beneficiary." (Plaintiffs' Third Request for Production of Documents to MetLife Securities Inc., ¶10 (Ex. A).) They then served a fourth set of document requests essentially asking for any and all communications of any kind between any employee of MetLife and any employee of ISTA Financial Services and/or the Indiana State Teachers Association, as well as copies of all hard drives from any computers which contain such data or information. (Ex. A.) This is nothing less than class-wide merits discovery by another name.

Defendants should not be put to this burden before the Court considers the threshold issue of class certification. The scope of appropriate discovery in a case depends on the scope and complexity of the case and the amount in controversy, among other matters. If this case is not certified as a class action, the kind of burdensome, massive discovery sought by plaintiffs here, already in excess of the limits imposed by the federal rules, would make no sense, and

defendants would be entitled to a protective order prohibiting such discovery. Resolving the threshold issue of class certification based on the limited discovery necessary to make that determination is the only sensible way to proceed here. *See, e.g., National Org. for Women,* 88 F.R.D. at 277 ("To spend . . . three hundred thousand dollars, in order to move a mountain of documents and statistics from the defendant's facilities to the plaintiffs' offices, would be, in this pre-certification context, a wasteful and unjustifiable action.")

Moreover, if a class were not certified, it is highly doubtful that any case would continue. *See, e.g., Manual for Complex Litigation* § 21.14 (4th ed.) ("[I]n cases that are not likely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary expense and burden."). At bottom, the named plaintiffs' claimed injury appears to be based on the alleged difference between fees and expenses charged under the retirement programs adopted by the school corporations that employ the named plaintiffs—Porter County, Merrillville, and Michigan City—and those charged by the next-best competitor considered by those school corporations. Given that the named plaintiffs made either no or very small investments before filing their Complaint, even assuming the truth of their allegations it is hard to conceive of damages totaling more than a few hundred dollars, if there are damages at all.[5]

Even if the named plaintiffs pressed on, and no offer of judgment was made, the appropriate merits discovery would be dictated by the small amount in controversy. At most, the relevant merits discovery would concern communications and disclosures actually reaching the named plaintiffs. Such discovery pales in comparison to that outlined above, which seeks information about defendants' dealings with hundreds of school corporations throughout the

---

[5] Plaintiffs do not allege facts concerning the fees or expenses charged by the other providers, nor do they allege the inheritability benefits offered by those providers.

State of Indiana and with tens of thousands of teachers. *See, e.g., Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303 (D. Colo. 1998) (refusing to permit class wide discovery of 400 offices and 8,000 employees before plaintiffs obtained a ruling on class certification). Courts have therefore held that "the fact that the lawsuit will proceed regardless of certification is in itself an insufficient reason to allow discovery touching on the merits" before class certification has been decided. *Elliott v. ITT Corp.*, No. 90-1841, 1992 U.S. Dist. LEXIS 3108, at *13 (N.D. Ill. Mar. 13, 1992) (limiting discovery before class certification); *Plummer*, 77 F.R.D. at 402 (same).

Finally, while merits discovery will be extraordinarily expensive and time consuming, class discovery could be completed very quickly and cheaply. Plaintiffs have already filed their motion for class certification, and thus require no discovery from defendants to support their motion. Defendants have proposed completing and are prepared to complete their own class discovery within two months, consisting of narrow requests for documents and interrogatories limited to class certification issues, and the depositions of the five named plaintiffs. Defendants further proposed that they will then file their opposition brief thirty days after the close of class discovery, with plaintiffs filing any reply 21 days thereafter. (*See* Rule 26(f) Conference Report [DE # 77].) Having already filed their motion for class certification, plaintiffs have conceded that *none* of the information requested in their voluminous discovery is necessary for their motion for class certification to be briefed and to be decided by the Court.

## III. IT IS UNLIKELY THAT A CLASS WILL BE CERTIFIED IN THIS ACTION.

In deciding whether to permit merits discovery before a class has been certified, it is also appropriate to consider plaintiffs' likelihood of success on class certification. *See, e.g., Larson*, 210 F.R.D. at 666 (granting motion for phased discovery where plaintiff's claim was "potentially fraught with factual distinctions which could render certification problematic"). Here, plaintiffs'

motion for class certification is unlikely to be granted for numerous reasons, including, most fundamentally, the fact that the timing of the named plaintiffs' purchases of investments renders them vulnerable to unique defenses which would defeat their adequacy as class representatives.

It has long been the law of this circuit that "[w]here it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974). In securities cases such as this, where the facts alleged concerning the named plaintiffs' purchases of securities strongly indicate that they could not have relied upon the alleged misstatements forming a basis of their claims, courts find the typicality requirement unmet, defeating class certification. *See, e.g.*, *Rocco v. Nam Tai Electronics, Inc.*, 245 F.R.D. 131, 135-36 (S.D.N.Y. 2007) ("a person that increases his holding in a security after revelation of an alleged fraud involving that security is subject to a unique defense that precludes him from serving as a class representative") (quotation omitted); *In re Keck, Mahin & Cate*, 237 B.R. 430, 433-34 (Bankr. N.D. Ill. 1999) (plaintiff could not establish typicality because failure to purchase stock until after the complaint was filed subjected him to unique defense of lack of reliance on misrepresentations); *Kovaleff v. Piano*, 142 F.R.D. 406, 408 (S.D.N.Y. 1992) (purchases following disclosure of alleged fraud defeated typicality); *Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 663-64 (D. Or. 1991) (same); *Epstein v. American Reserve Corp.*, No. 79-4767, 1988 U.S. Dist. LEXIS 3382, at *11-12 (N.D. Ill. Apr. 20, 1988) (same).

Here, the information the five plaintiffs were required to produce at the pleading stage pursuant to 15 U.S.C. § 78u-4(a)(2)(A)(iv) demonstrates that they are subject to the unique defense that any purchase in their retirement account was not a purchase of securities made in

reliance upon the alleged misrepresentations. Three of the plaintiffs, Daniel Spears, Katherine Lang, and Daniel Massa, claim not to have made a single purchase in their retirement accounts until *after* filing their complaint laying out the misrepresentations that allegedly fooled the putative class. (MetLife Defendants' Reply Mem. in Support of Their Motion to Dismiss ("MetLife Reply") at 4-5.) A fourth plaintiff, Jeffrey Yelton, likewise submitted a certification in response to a statutory requirement that he set forth "all of [his] transactions . . . in the security that is the subject of [his] complaint," that did not show any purchase of securities made before the complaint was filed. 15 U.S.C. § 78u-4(a)(2)(A)(iv); (Supplemental Affidavit of Jeffrey Yelton, Appendix 1 (indicating purchase on July 12, 2007) (Ex. C)). Plainly, these four plaintiffs are subject to a unique defense, *i.e.*, that they could not reasonably have relied on the very alleged misstatements they claimed to bring to light when making their purchases. *See, e.g.*, *Epstein v. American Reserve Corp.*, 1988 U.S. Dist. LEXIS 3382, at *9-12 (N.D. Ill. Apr. 20, 1988) (purchases made after complaint was filed subjected plaintiffs to unique defense: "[s]uch behavior is commonly held to create a unique defense vitiating typicality"); *In re Keck, Mahin & Cate*, 237 B.R. at 433-34 (same).

Plaintiff Raymond Commers suffers from a deficiency that is the flipside of the same coin: although he made retirement investments before the Complaint was filed, he is not alleged to have ever heard or read any of the alleged misrepresentations, subjecting him to the same defense of lack of reliance on the alleged misrepresentations. Thus, for example, he is not alleged to have heard any presentation of Mary Junglas, or to have received any handouts from her. The Court should determine whether any of these five individuals would be an adequate representative before permitting merits discovery.

## CONCLUSION

For the foregoing reasons, the MetLife Defendants' motion for phased discovery should be granted.

Respectfully submitted,

/s/ Linton J. Childs
Linton J. Childs
Colleen M. Kenney
Matthew B. Kilby
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
fax: (312) 853-7036

**Attorneys for Defendants**
**Metropolitan Life Insurance Company**
**and MetLife Securities, Inc.**

## CERTIFICATE OF SERVICE

I, Linton J. Childs, an attorney, hereby certify that, on this 18th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Robert E. Stochel
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, IN 43607
Fax: 219-662-2151
res@reslaw.org

Glenn S. Vician
Bowman Heintz Boscia & Vician PC
8605 Broadway
Merrillville, IN 46410
Fax: 219-738-3044
bhbv2@netnitco.net

Mark J. Dinsmore
Barnes & Thornburg LLP
11 S Meridian Street Suite 1313
Indianapolis, IN 46204-3535
Fax: 317-231-7433
mark.dinsmore@btlaw.com

Michael V. Knight
Barnes & Thornburg LLP
600 1st Source Bank Center
100 N Michigan Street
South Bend, IN 46601-1632
Fax: 574-237-1124
michael.knight@btlaw.com

/s/ Linton J. Childs
Linton J. Childs



CHI 4370898v.1