**N THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DANIEL R. SPEARS, JEFFREY YELTON, KATHERINE LANG, DANIEL MASSA and RAYMOND R. COMMERS, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Cause No. 2: 07-CV-00088-RL-PRC |
| v. | Judge Joseph S. Van Bokkelen |
| METROPOLITAN LIFE INSURANCE COMPANY D/B/A METLIFE, METLIFE SECURITIES, INC. D/B/A METLIFE, and ISTA FINANCIAL SERVICES CORPORATION, | Magistrate Judge Paul R. Cherry |
| Defendants. | |

**METLIFE DEFENDANTS' MOTION FOR CLARIFICATION THAT CLASS CERTIFICATION PROCEEDINGS ARE STAYED**

Defendants Metropolitan Life Insurance Company and MetLife Securities, Inc. (collectively, "MetLife" or "the MetLife Defendants"), by their attorneys, respectfully request that the Court enter an order clarifying that class certification briefing is stayed pending resolution of the reinstated motions to dismiss the complaint. In support, MetLife Defendants state as follows:

1. Plaintiffs filed their second motion for class certification on July 30, 2008. [DE # 68.] The parties agreed during their Federal Rule of Civil Procedure 26(f) discovery planning conference that defendants' opposition to that motion would be due thirty days after the close of the period for class discovery. (*See* Defendants' Report of thc Parties' Planning Meeting, ¶ 8 [DE # 77].) That period has not yet commenced, and cannot commence for the reasons that follow.

2. On August 1, 2008, the Court reinstated defendants' motions to dismiss the complaint for failure to state a claim and ordered that "discovery continue to proceed," but did not order that "other proceedings," including class certification, go forward. [DE # 74.] As explained in defendants' pending motions to amend that Order, reinstatement of the motions to dismiss triggered a statutory stay of "all discovery and other proceedings" in this action pursuant to the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B). (*See* Defendant ISTA Financial Services Corporation's Motion to Amend the Court's Orders of July 1, 2008 and August 1, 2008 In Light of the Statutory Prohibition of Discovery [DE # 79]; MetLife Defendants' Motion to Amend [DE #80].)

3. As Magistrate Judge Cherry held in the course of staying briefing on plaintiffs' first motion for class certification for this very reason, the resolution of a motion for class certification is a "proceeding" pursuant to the PSLRA, triggering the mandatory stay. *See Spears v. Metro. Life Ins.*, No. 07-088, 2007 U.S. Dist. LEXIS 37004, at *14-15 & n.2 (N.D. Ind. May 17, 2007) [DE # 25] (staying all discovery pursuant to the PSLRA pending resolution of defendants' motions to dismiss, and holding that the PSLRA also required a stay of briefing on plaintiffs' pending motion for class discovery) (citing *Winn v. Symons Intern. Group, Inc.*, No. IP 00-0310-C-B/S, 2001 U.S. Dist. LEXIS 3437, 2001 WL 278113, at *2 (S.D. Ind. Mar. 21, 2001) (citing *Schlagal v. Learning Tree Int'l*, 1999 U.S. Dist. LEXIS 2157, 1999 WL 672306, at *2 (C.D. Cal. Feb. 23, 1999) (noting decision to delay ruling on motion for class certification until after ruling on motion to dismiss); *In re Valujet, Inc., Sec. Litig.*, 984 F.Supp. 1472, 1481-82 (N.D. Ga.1997) (lifting stay on class certification proceedings following resolution of motion to dismiss)).).

4. Should the Court deny the reinstated motions to dismiss, MetLife Defendants request that it then enter a scheduling order in which defendants' opposition to class certification will be due thirty days after the close of the period for class discovery.[1] MetLife Defendants further request that plaintiffs be given twenty-one days after the filing of defendants' opposition to class certification to file any reply.[2]

5. For the foregoing reasons, MetLife Defendants request that the Court enter an order clarifying that class certification briefing is stayed pending resolution of the motions to dismiss the complaint.

Dated: August 18, 2008

Respectfully submitted,

/s/ Linton J. Childs

Linton J. Childs
Colleen M. Kenney
Matthew Kilby
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
ph: (312) 853-7000
fax: (312) 853-7036

Attorneys for Defendants Metropolitan Life Insurance Company
and MetLife Securities, Inc.

---

[1] While plaintiffs previously agreed to this schedule, they apparently had a change of heart after the parties' Rule 26(f) conference, and later suggested that defendants file their opposition brief by September 1, 2008. Such a schedule would not even permit defendants to depose the named plaintiffs, or receive any of their documents.

[2] Contemporaneously with this Motion, defendants have filed a Motion for Phased Discovery requesting that the Court order phased discovery such that a short period for discovery regarding class certification issues and resolution of the class certification motion will precede merits discovery.

## CERTIFICATE OF SERVICE

I, Linton J. Childs, an attorney, hereby certify that, on this 18th day of August, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Robert E. Stochel
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, IN 43607
Fax: 219-662-2151
res@reslaw.org

Glenn S. Vician
Bowman Heintz Boscia & Vician PC
8605 Broadway
Merrillville, IN 46410
Fax: 219-738-3044
bhbv2@netnitco.net

Mark J. Dinsmore
Barnes & Thornburg LLP
11 S Meridian Street Suite 1313
Indianapolis, IN 46204-3535
Fax: 317-231-7433
mark.dinsmore@btlaw.com

Michael V. Knight
Barnes & Thornburg LLP
600 1st Source Bank Center
100 N Michigan Street
South Bend, IN 46601-1632
Fax: 574-237-1124
michael.knight@btlaw.com

/s/ Linton J. Childs
Linton J. Childs