**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DANIEL R. SPEARS, JEFFREY YELTON, KATHERINE LANG, DANIEL MASSA and RAYMOND R. COMMERS, individually and on behalf of all others similarly situated, Plaintiffs, | ) | CAUSE NO. 2:07-CV-088 RL |
| vs. | ) | CLASS ACTION <br> Jury Demand |
| METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE, METLIFE SECURITIES INC., d/b/a METLIFE and ISTA FINANCIAL SERVICES CORPORATION, Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT METLIFE'S MOTION FOR CLARIFICATION THAT CLASS CERTIFICATION PROCEEDINGS ARE STAYED**

Defendants have sought an order that effectively requests that class certification be stayed based upon the fact that the defendants have a motion to dismiss pending. The Seventh Circuit Court of Appeals has rejected the idea that a district court should delay ruling upon the propriety of a class action on the mere fact that the parties have filed or briefed a motion to dismiss.

In *Koch v. Stanard*, 962 F.2d 605, 607 (1992) the Seventh Circuit dealt with the issue of whether a district court should delay ruling upon a class certification motion by reason of the fact that the parties had briefed a motion to dismiss. In the *Koch* case, the Seventh Circuit noted that "the district court delayed ruling on the propriety of maintaining this case as a class action until the parties had a briefed a motion to dismiss." *Id.*

The Seventh Circuit rejected the district court's delay of ruling on class certification and stated as follows:

> Nothing in Rule 23 supports such a bias. Defendants no less than plaintiffs are entitled to the fruits of victory. A string of cases in this circuit reinforces the message of Rule 23(c)(1); The court must decide promptly whether the case should proceed as a representative action, without regard to the virtues of the plaintiffs' legal theory. *Rutan v. Republican Party of Illinois*, 868 F.2d 943, 947 (7th Cir. 1989) (in banc), reversed on other grounds, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); *Bennett v. Tucker*, 827 F.2d 63, 66-67 (7th Cir. 1987); *Hickey v. Duffy*, 827 F.2d 234, 237 (7th Cir. 1987).

These Seventh Circuit decisions clearly establish that a district court must promptly decide whether the case should be proceeding as a class action, without regard to whether the defendants contest the virtues of a plaintiff's legal cause of action.

On August 1, 2008, this Court did reinstate the defendants' Motion to Dismiss, and clearly ordered that discovery be ordered continued to proceed. This Court properly did not order that "other proceedings", including class certification, be stayed. It is obvious that the reason this Court did not stay class certification is based upon the Seventh Circuit mandate in *Koch v. Stanard* that the court promptly decide class certification issues, even in the face of a pending (or in this case reinstated) motion to dismiss.

In other words, this Court need not clarify its pending orders, other than to remind the defendants that the Seventh Circuit has mandated that class certification issues be decided promptly, without regard to a pending motion to dismiss. In fact, this Court can grant certification since the defendants have refused to respond to the pending Motion for Class Certification.

MetLife also argues that Magistrate Judge Cherry had held that in the course of staying briefing on the plaintiffs' first Motion for Class Certification, the resolution of a motion to class certification is a "proceeding" pursuant to the PLSRA and that Judge Cherry therefore ordered a mandatory stay. (D.E. #25) (staying all discovery pursuant to the PSLRA pending resolution of defendants' Motions to Dismiss, and holding that the PSLRA also required a stay of briefing on plaintiffs' pending Motion for Class Discovery) (citations omitted). The fact that Magistrate Judge

Cherry entered a PSLRA discovery stay on May 17, 2007, and further at that early point in the case, stayed briefing on plaintiffs' original Motion for Class Discovery does not bind this District Court, fifteen months later, to now require briefing on the second Motion for Class Certification. In fact, by reason of the Seventh Circuit standards set out in *Kock v. Stanard* that requires a court "decide promptly whether the case should proceed as a representative action", this Court should not bind itself by Magistrate Judge Cherry's decision rendered fifteen months ago relating to a stay. Furthermore, this Court has already ordered the parties to brief class certification issues, which is the exact reason that plaintiffs filed their second Motion and Brief in Support of Motion for Class Certification on July 30, 2008. (D.E. # 68 & 69).

**WHEREFORE**, for the foregoing reasons, the MetLife Defendants and ISTA have not established a basis for this Court to delay briefing on class certification. Furthermore, since the defendants have failed to reply to the class certification brief, good cause exists for this Court to grant an order of certification, and for all other appropriate relief.

Respectfully submitted,

**s/ROBERT E. STOCHEL**
Robert E. Stochel
Attorney No. 1686-45
Hoffman & Stochel
One Professional Center, Suite 306
Crown Point, Indiana 46307
Telephone: (219) 662-0165
Fax: (219) 662-2151
E-Mail: res@reslaw.org

**s/GLENN S. VICIAN**
Glenn S. Vician
Attorney No. 954-45
Bowman, Heintz, Boscia & Vician, P.C.
8605 Broadway
Merrillville, Indiana 46410
Telephone: (219) 769-6671
Fax: (219) 738-3044
E-Mail: bhbv2@netnitco.net

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of September, 2008, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/GLENN S. VICIAN**
Glenn S. Vician
Bowman, Heintz, Boscia & Vician, P.C.
8605 Broadway
Merrillville, Indiana 46410
Telephone: (219) 769-6671
E-Mail: bhbv2@netnitco.net

Brian E. Casey
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204

Colleen M. Kenney
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603